PALOU, PLAINTIFF AND APPELLEE, *v.* RÍOS, DEFENDANT AND APPELLANT.

## Appeal from the District Court of Humacao in an Action for Damages for Slander.

### No. 1362.—Decided January 20, 1916.

SLANDER AND LIBEL—DAMAGES.—Section 5 of the act authorizing civil actions to recover damages for slander and libel, approved February 18, 1902, is applicable when the slanderous utterance or libelous writing referring to a certain person is made or addressed to another with whom the author has any of the relations designated, but not when the imputation is made directly, either verbally or in writing, to the person aggrieved.

ID.—INTENTION.—Calling a person a thief is slander because it charges the commission of a felony, but when it appears that the word was employed as a mere abusive epithet in a moment of anger and was not really intended to charge the commission of a crime, an action for damages for slander cannot be based thereon.

The facts are stated in the opinion.

*Messrs. Francisco González* and *Arturo Aponte, Jr.,* for the appellant.

*Mr. Rafael López Landrón* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages for slander. Summarized, the complaint alleged that the defendant addressed the following words to the plaintiff in the presence of various hearers: "Are you Juan Palou? You are a reprobate (*sinvergüenza*), a thief and a robber." It also alleged that said words were uttered with the malicious intent of charging the plaintiff with dishonorable and immoral conduct and with acts constitutive of a crime. The plaintiff prayed judgment for $5,500. The defendant demurred on the ground that the

complaint did not state facts sufficient to support the action. The demurrer was overruled and the defendant answered the complaint denying each and all of its allegations and alleging in turn that the defendant was provoked by the plaintiff who refused to pay her a certain sum of money which he owed her, that thereby a heated dispute arose between them and that the defendant was angry and resentful at that time because of the plaintiff's acts.

The case went to trial and the judge, after weighing the evidence introduced by both parties, made the following findings of fact:

"That between 2 and 3 p. m. of one of the early days of January, 1913, while Juan Palou y Tomás was in the company of other persons at a place called Lirios of Juncos, María Ríos, widow of Rubio, arrived in an automobile and said to the plaintiff, "You are a reprobate (*sinvergüenza*), a thief and a robber"; that these words, which were uttered in an angry manner, were heard by Antonio Dávila and Ramón Ruibal, residents of Juncos, who were present with the plaintiff at that time; that these words were used by the defendant without any provocation or affront on the part of the plaintiff towards the defendant; that the plaintiff is more than sixty-five years of age and is a respectable member of the community in which he lives; that at the time of the occurrences here related the plaintiff was a member of a firm to which the defendant had leased a certain real property; that on the said date the firm of which the plaintiff was a member owed the defendant certain instalments of rent on account of the said lease; that the defendant was demanding payment of the plaintiff of the said instalments at the time she addressed the insulting epithets to him."

Later the court rendered judgment for the plaintiff and against the defendant for the sum of one dollar as nominal damages and for the costs and attorney fees, which the court fixed at $300. From that judgment the defendant took the present appeal, assigning the following two errors:

"1. That the District Court of Humacao committed error in finding that the word 'thief' is slanderous *per se* in the manner in which it was used in this case.

"2. That the court erred in rendering judgment against the defendant for a sum of money as damages and $300 as attorney fees."

The appellant admits that to call a person a thief without any explanation is to impute to him a crime and is therefore actionable *per se,* but maintains that the evidence in this case showed that the relationship of lessor and lessee existed between the plaintiff and defendant and that for that reason, according to section 5 of the act authorizing civil actions to recover damages for slander and libel, approved February 18, 1902 (R. S. 571), malice could not be presumed. The said section reads as follows:

"Malice shall be presumed to exist in any injurious communication or writing made without justifiable motive and addressed to any person other than to a relative within the third degree, or to a person whom the author has under his guardianship, or when said communication passes between persons having business in partnership or other similar association."

In its opinion the district court took into account the plaintiff's allegation and properly held that the section cited is applicable when the slanderous utterance or libelous writing referring to one person is made or addressed to another with whom the author has any of the relations designated, but not when the imputation is made directly, either verbally or in writing, to the person aggrieved.

The appellant cites the case of *Jiménez* v. *Díaz Caneja,* 14 P. R. R. 9. We have considered that case carefully, and in our opinion it does not sustain the appellant's contention, but is in harmony with the theory of the trial court. Jiménez sued Díaz Caneja for damages for libelous words contained in two letters addressed to Bartolomé Borrás. The relations between Caneja and Borrás were similar to those existing between partners. It was held that although the word "thief" appearing in the letters was libelous *per se,* inasmuch as the letters were addressed by the defendant to Borrás, with whom the former had the said relations, sec-

tion 5 of the Act of 1902 above cited did not apply, and therefore there was no presumption of malice.

Now, according to law and jurisprudence, calling a person a thief does not always constitute slander, and after a careful consideration of the evidence introduced and of the findings of fact made by the trial judge, it is not possible, in our opinion, to conclude that the manifest intention of the defendant in this action was to charge the plaintiff with an actual crime of theft or robbery. There is no doubt that the defendant attempted to collect a debt from the plaintiff in an improper and abusive manner. The plaintiff acknowledged the debt, but alleged that not he but a firm of which he was a partner owed the money claimed by the defendant. It was perfectly plain to all who heard the defendant that a business matter was under consideration in which a woman, the defendant, being one of the parties to the transaction, in a moment of passion or wrath overstepped the limits of both propriety and self-respect, but did not consciously and deliberately charge the commission of a crime.

Jurisprudence on this point is abundant and clear. We cite below two cases which clearly support the conclusion at which we have arrived regarding the scope to be given to the words uttered by defendant María Ríos, widow of Rubio.

In the first, or *Fawsett* v. *Clark*, 30 Am. Rep. 481-485, the Supreme Court of Maryland expressed itself as follows:

"The words laid in the several counts, both those which are actionable *per se*, and those which are not, are charged as being spoken in the second person, addressed to the plaintiff himself.

"The evidence of the plaintiff, testifying for himself, is, that these words were part of a violent, verbal remonstrance by the defendant against the conduct of the plaintiff, in writing a letter to a third person, relating to defendant's transactions with him—referring to the letter and its contents, the defendant said the plaintiff was 'a liar,' 'a confidence man'—'no better than a thief,'—a thief—that the plaintiff 'had sued him,' and he had offered to pay more than I (the plaintiff) would ever get—'the substance of what Fawsett

said in regard to the letter was, that I (the plaintiff) had charged him therein with making false accounts.'

"All the witnesses corroborate this view. The circumstances show that the terms of reproach used were mere abuse—the outpouring of passion; 'liar,' 'thief,' 'confidence man,' were uttered in quick succession in reference to the contents of the letter, explaining to all who heard them the sense in which they were used.

" 'In an action of slander for words, some of which if spoken and understood in their ordinary sense would certainly be actionable, the jury may consider whether, taking the whole conversation together, the particular words are so qualified by the other parts of the conversation as to show that they were not intended to convey the idea which their primary and ordinary meaning would give.' *Shipley* v. *Todhunter,* 7 C. & P. 680; 3 Stephens' N. P. 2575."

And in the second, or *Bridgman* v. *Armer*, 57 Mo. App. Rep. 528–531, the Court of Appeals of Kansas City, Missouri, said:

"The defendant was refused instructions directing the jury, in substance, that though he spoke of and concerning plaintiff the words, 'You are nothing but a low-down thief,' or, 'You are a trifling low-down thieving son of a bitch'; yet if the jury believed from the evidence that the words were merely used as terms of abuse and reproach and were not intended as the truth, and were understood by the hearers as mere terms of abuse and not as being intended to charge, as a fact, that plaintiff was a thief, then the jury should find for defendant. In our opinion such instructions should have been given. One may slander another in words which on their face do not imply a charge slanderous *per se,* but it is permissible to show from the circumstances and surrounding that it was nevertheless so intended. So, on the other hand, one may make use of words which of themselves, unexplained, would be slander *per se;* but if the facts and circumstances appearing in evidence show that such a charge was not intended and was not so understood by the hearers, then it is not slander. When such words are shown to have been uttered, it makes a *prima facie* showing that they were intended to convey the charge which they imply and if any other meaning is sought to be given them, defendant must establish it, unless it appears on plaintiff's own showing. 'Simply to call a man a thief is *prima facie* actionable, as it imputes felony, but if it appears that the word was used as a mere term of abuse, and that there was in point of fact no imputation of actual

theft conveyed by it, there is no cause of action. Thus, where the defendant said of the plaintiff, "he is a damned thief, and so was his father before him," but it appeared that the words were uttered in the heat of anger during a conversation respecting the plaintiff's refusal to pay over some money which he had received as executor, Lord Ellenborough directed a nonsuit, saying that it was manifest from the whole conversation that the words as used did not impute a felony.' 2 Addison, Torts, sec. 1119; see, also, Cooley on Torts, 199."

Hence, as it does not appear that the defendant charged the plaintiff with the commission of a public crime, the action brought by the latter must fail.

Therefore, the appeal should be dismissed, the judgment appealed from reversed and the complaint dismissed without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.